FILED

March 24 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 13-0466

DA 13-0466

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 93N

STATE OF MONTANA,

   Plaintiff and Appellee,

 v.

DANIEL EUGENE SPEER,

   Defendant and Appellant.

APPEAL FROM:  District Court of the Thirteenth Judicial District,
        In and For the County of Yellowstone, Cause No. DC 11-41
        Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

      Wade Zolynski, Chief Appellate Defender, Chad R. Vanisko, Assistant
      Appellate Defender, Helena, Montana

   For Appellee:

      Timothy C. Fox, Montana Attorney General, Pamela P. Collins, Assistant
      Attorney General, Helena, Montana

      Scott D. Twito, Yellowstone County Attorney, Victoria Callender, Deputy
      County Attorney, Billings, Montana

            Submitted on Briefs: February 25, 2015
                  Decided: March 24, 2015

Filed:

                   _____
                         Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On January 19, 2011, at approximately 10 p.m., officers Finnegan, Kirkpatrick and Keightley with the Billings Police Department observed Daniel Speer driving in the wrong direction on a one-way street. Finnegan pulled behind Speer and activated his lights to initiate a traffic stop. Speer did not respond to the officer. Keightley, a field training officer riding with officer-trainee Kirkpatrick, radioed Finnegan and instructed him to fall back and allow Kirkpatrick to make the stop. Kirkpatrick pulled behind Speer and activated his overhead lights. Despite passing several locations where Speer could have safely stopped his vehicle, Speer drove for approximately three blocks before pulling over.

¶3 Kirkpatrick exited his vehicle, identified himself and explained the reason for the stop. He asked Speer for a valid driver's license, registration, and proof of insurance. Speer provided a suspended driver's license and registration and proof of insurance documents that were expired. During this time, both Kirkpatrick and Keightley smelled alcohol on Speer's breath. Speer admitted to having had a few drinks four hours earlier.

¶4 Kirkpatrick, under Keightley's supervision, proceeded to administer standardized field sobriety tests during which he determined that Speer displayed diminished physical skills and poor balance. Speer told officers that he had a medically-diagnosed inner ear problem that affected his balance but he performed the tests nonetheless. Based upon these

2

field tests, Kirkpatrick concluded that Speer was intoxicated. He read Speer the preliminary alcohol screening test advisory and asked Speer to provide a breath sample. Speer refused.

¶5 The officers arrested Speer and transported him to the Yellowstone County Detention Facility (YCDF) for further testing and to be processed for driving under the influence. At that time, they observed Speer's glassy eyes and labored speech. Speer repeated his claim—several times—that he had an inner ear condition that prohibited him from performing well on balance tests. The officers explained that Speer must perform all parts of the sobriety tests unless it was unsafe for Speer to do so. Speer said he was "totally willing" to perform the tests but that the balance test results should not be used against him. Based upon the results of all of the tests, Speer was subsequently charged with four misdemeanor counts and his fourth DUI, a felony.

¶6 On January 25, 2011, Speer entered a plea of not guilty. He subsequently waived his right to a speedy trial and filed eight motions to continue his trial. In December 2012, Speer filed a motion to suppress statements and video recordings from the YCDF. Speer claimed that the officers "coerced" him into performing the sobriety tests against his will by telling him it would "behoove" him to perform the tests to "prove" his innocence. He asserted that evidence of his performance of the tests at the detention center should be suppressed because of this "coercion." The District Court held a suppression hearing on the motion on January 3, 2013. In its Findings of Fact, Conclusions of Law, and Order entered on January 16, 2013, the District Court denied Speer's motion.

¶7 The District Court conducted a jury trial on January 23, 2013. The three officers testified, as did two employees from the bar where Speer had been drinking, Speer's

audiologist, and Speer. At the conclusion of the trial, the jury found Speer guilty of three misdemeanor charges[1] and felony DUI. He was sentenced on April 23, 2013, to 13 months with the Department of Corrections, followed by five years suspended, and a fine of $1000 for the DUI. For the misdemeanor counts, he was sentenced to jail for six months on each count to run concurrently with the DUI count and with each other and fined $500 for each misdemeanor. The District Court entered Judgment on May 28, 2013. Speer appeals the District Court's denial of his motion to suppress and the court's sentence on the two misdemeanor counts. Speer does not challenge whether the officers had particularized suspicion to make the stop or probable cause for his arrest.

¶8　　As noted Speer argues that the officers coerced and pressured him into performing the sobriety tests by telling Speer that it would "behoove" him to perform so he could "prove" that he was not driving while impaired. He claims that as a result of the officer's statements, his "will was overborne and his capacity for self-determination critically impaired."

¶9　　In *State v. Steinmetz*, 1998 MT 114, ¶ 18, 288 Mont. 527, 961 P.2d 95, we reviewed a district court's denial of Steinmetz's motion to suppress the evidence of his field sobriety tests based upon his claim that the officer coerced him into performing the tests by "demanding" that he perform them and failing to tell Steinmetz that he could refuse to take the tests. We explained in *Steinmetz* that to determine if Steinmetz was coerced, we would look to the totality of the circumstances and look for evidence that Steinmetz's "will had been overborne and his capacity for self-determination critically impaired." *Steinmetz*, ¶ 18.

---

[1] The State dismissed one of the misdemeanor charges.

¶10    Applying the "totality of the circumstances" standard to Speer, we reviewed the suppression hearing testimony and the videotapes of the investigative process taken both in the field and at the detention center. Notably, Speer appeared to have no balance problems exiting his vehicle, walking to the back of his car, and stepping up on the sidewalk in preparation for performing the field tests. Additionally, the officers explained that if performing the balance tests would be unsafe for Speer, they would not require that he proceed with the tests; however, because Speer was not displaying the balance issues he claimed, he should proceed. During testing at the YCDF, while questioning the appropriateness of the balance portion of the sobriety tests based upon his medical condition, Speer nonetheless told the officers that he was "totally willing" to take the tests. Based upon our review, we find no evidence that Speer's will had been overborne or that his capacity for self-determination was critically impaired.

¶11    Speer also argues that the District Court illegally sentenced him on two misdemeanor counts—operating a vehicle without proof of insurance and failing to carry a registration receipt. Speer asserts that the court's sentence of six months at YCDF and a $500 fine for each count exceeded the statutory mandates. The State acknowledges that the Court's sentence on these two charges did not comply with the applicable sentencing statutes. We therefore remand this case to the District Court for resentencing in accordance with the law on misdemeanor Counts III and IV.

¶12    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issue

in this case is legal and is controlled by settled Montana law which the District Court correctly interpreted.

¶13 We affirm the District Court's denial of Speer's motion to suppress. We remand to the District Court for resentencing on Counts III and IV.


/S/ PATRICIA COTTER

We Concur:

/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA